IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HUESTON KOONTZ,           )
                          )
       Plaintiff,         )
                          )
   v.                     )
                          )  Civil Action No. 05-398J
JO ANNE B. BARNHART,      )
COMMISSIONER OF           )
SOCIAL SECURITY,          )
                          )
       Defendant.         )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 10th day of January, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his application for SSI on March 13, 2003, alleging disability due to depression, a heart condition and high blood pressure. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on March 4, 2005, at which plaintiff appeared represented by counsel. On March 14, 2005, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on August 22, 2005, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 51 years old at the time of the administrative hearing and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §416.963(d). Plaintiff has a high school education through a general equivalency degree. Plaintiff has past relevant work experience as a nurse's aide, but he has not engaged in substantial gainful activity at any time subsequent to February 20, 2002, the date that his previous application was denied.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of major depressive disorder, a history of alcohol and polysubstance abuse, adjustment disorder with depressed mood, personality disorder, anxiety disorder, and mild coronary artery disease with unstable angina, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work with a number of other non-exertional limitations. Plaintiff is limited to simple, routine, repetitive tasks that are not performed in a fast paced production environment. In addition, plaintiff requires work that involves only simple work-related decisions and relatively few work place changes. Finally, he is limited to work that involves only occasional interaction with supervisors and co-workers and no interaction with the public (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational

- 3 -

adjustment to other work that exists in significant numbers in the national economy, such as a coupon redemption clerk, cleaner/housekeeper or flower picker. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000).

If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §416.945(a)(4).

In this case, plaintiff claims the ALJ's step 5 finding is not supported by substantial evidence because: (1) he incorrectly concluded that plaintiff can perform light work; and (2) he gave inadequate weight to the opinion of plaintiff's treating psychiatrist. The court concludes that these arguments lack merit.

Plaintiff first challenges the RFC Finding to the extent the ALJ determined that plaintiff can perform light work.[1] Plaintiff

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10

- 5 -

contends he is unable to perform the light jobs identified by the vocational expert because he is unable to meet the standing and walking requirements of such work.[2]  Plaintiff's argument completely ignores the fact that light work requires a good deal of walking or standing <u>or</u> sitting most of the time with some pushing and pulling of arm or leg controls.  <u>See</u> 20 C.F.R. §416.967(b).  As an initial matter, the court notes that no treating or examining physician stated that plaintiff has any standing and walking restrictions.  Furthermore, plaintiff testified at the hearing that he does not have any problems sitting.  (R. 360).  Thus, for example, plaintiff is capable of performing the job of coupon redemption clerk identified by the vocational expert, as the vocational expert testified that job can be performed either sitting or standing.  (R. 367).  Accordingly, the ALJ did not err in making the RFC Finding, nor did he err in finding that plaintiff can perform the light jobs identified by

---

pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. 20 C.F.R. §416.967(b).

[2]Plaintiff's argument that he is unable to perform light work is based on a "work tolerance report" that was not completed by a doctor. The report reflects plaintiff's own opinion that he can stand for one hour. It also states that he achieved a three minute walking goal. (R. 249). The report ultimately concludes that plaintiff is capable of light work. (R. 249). Nevertheless, any standing or walking limitations that plaintiff believes are reflected in the report are not clearly explained, and, as noted herein, no treating or examining physician determined plaintiff is limited in his ability to stand or walk.

the vocational expert.

Plaintiff next argues that the ALJ gave inadequate weight to the opinion of plaintiff's treating psychiatrist, Dr. Richard Cassone. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §416.927(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, the ALJ correctly concluded that Dr. Cassone's opinion was not entitled to controlling weight.

Dr. Cassone's opinion that plaintiff was temporarily disabled was set forth on an employability assessment form for the Pennsylvania Department of Public Welfare. (R. 310). Whether or not plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant herein. A determination made by another agency regarding disability is not binding on the Commissioner of Social Security. See 20 C.F.R. §416.904. Here, Dr. Cassone's disability opinion simply was set forth on a "check-the-box" form without any objective medical evidence to support his conclusion.

Furthermore, Dr. Cassone's opinion of disability is contradicted by other medical evidence received from him. Dr. Cassone subsequently completed a form report on behalf of plaintiff entitled "Medical Assessment of Ability to do Work-Related Activities (Mental)." Dr. Cassone rated plaintiff's ability to make occupational adjustments, performance adjustments

- 7 -

※AO 72
(Rev. 8/82)

and personal/social adjustments in fifteen different areas. According to Dr. Cassone, plaintiff has "fair" or "good" ability in thirteen of the categories. (R. 334-35). Although Dr. Cassone determined that plaintiff is unable to understand, remember and carry out complex job instructions, he found that plaintiff has a fair ability to do so with respect to detailed, but not complex, job instructions, and a good ability with respect to simple job instructions. (R. 335). Thus, the ALJ properly determined that Dr. Cassone's opinion of temporary disability was not entitled to controlling weight.

Although the ALJ did not give Dr. Cassone's opinion of disability controlling weight, he nonetheless accounted for the limitations Dr. Cassone identified in making the RFC Finding. The ALJ accommodated Dr. Cassone's assessment that plaintiff has poor ability to understand, remember and carry out complex job instructions by limiting him to simple, routine, repetitive tasks, as well as work that involves only simple work-related decisions. In addition, the ALJ accommodated Dr. Cassone's opinion that plaintiff is unable to deal with work stress[3] by limiting him to simple tasks that are not performed in a fast paced production

---

[3] Plaintiff asserts that the ALJ erred by ignoring Dr. Cassone's opinion that he is unable to deal with work stress. As noted herein, the ALJ accommodated Dr. Cassone's opinion on that matter. Furthermore, plaintiff's inability to deal with work stress does not establish that he is disabled. Dr. Cassone concluded that plaintiff is capable of performing simple job instructions or job instructions that are detailed, but not complex. (R. 335). Dr. Cassone did not indicate that plaintiff is precluded from all work due to his difficulty with handling stress.

environment, as well as jobs that involve simple decisions and relatively few work place changes. The ALJ then posed a hypothetical question to the vocational expert that reflected all of plaintiff's impairments and limitations supported by the medical evidence. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: John D. Gibson, Esq.
    131 Market Street
    Suite 200
    Johnstown, PA 15901

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901